JHP:TK/ES
F#2019R01258

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against –

ALICE BIXUAN ZHANG,

           Defendant.

21-CR-309 (AMD)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**UNITED STATES' MOTION *IN LIMINE*
AND MEMORANDUM OF LAW**

    The United States of America, through the undersigned attorneys, submits this motion *in limine* seeking pre-trial rulings on certain evidentiary issues in advance of the trial in this case, which is scheduled to begin on July 17, 2023. Specifically, the United States requests that:

1) An IRS revenue agent be permitted to testify as a summary witness;

2) The Government's case agent and IRS revenue agent be permitted to remain in the courtroom during trial;

3) Summaries of voluminous records be admitted as substantive evidence under Fed. R. Evid. 1006;

4) The defendant's statements be admitted as statements of a party opponent, but only those statements used *against* her;

5) The defendant be precluded from introducing law enforcement reports of witness statements as extrinsic impeachment evidence, unless those reports are verbatim transcripts or have otherwise been adopted by the witness.

## **TABLE OF CONTENTS**

I. AN IRS REVENUE AGENT SHOULD BE PERMITTED TO TESTIFY AS A SUMMARY WITNESS .......................... - 2 -

II. THE GOVERNMENT'S CASE AGENT AND REVENUE AGENT SUMMARY WITNESS SHOULD BE PERMITTED TO REMAIN IN THE COURTROOM DURING TRIAL ................................................................................................ - 4 -

III. SUMMARIES OF VOLUMINOUS RECORDS ARE ADMISSIBLE AS SUBSTANTIVE EVIDENCE PURSUANT TO RULE 1006 ................................................................................................................................................................ - 5 -

IV. DEFENDANT ZHANG'S STATEMENTS ARE ADMISSIBLE AS STATEMENTS AGAINST PARTY INTEREST BUT ONLY WHEN OFFERED *AGAINST* HER ................................................................................................................... - 6 -

V. DEFENDANT ZHANG SHOULD BE PRECLUDED FROM ADMITTING INVESTIGATIVE REPORTS AS EXTRINSIC IMPEACHMENT EVIDENCE, WHEN THE WITNESSES HAVE NOT SIGNED OR OTHERWISE ADOPTED THEM ............. - 7 -

# TABLE OF AUTHORITIES

**Cases**

*United States v. Almonte*, 956 F.2d 27 (2d Cir. 1992) .................................................................. - 8 -

*United States v. Amato*, No. 03-CR-1382, 2006 WL 1891113 (E.D.N.Y. June 27, 2006) ...................... - 8 -

*United States v. Baker*, 10 F.3d 1374 (9th Cir. 1983) .................................................................. - 2 -

*United States v. Barnwell*, No. 15-CR-620 (NSR), 2017 WL 1063457 (S.D.N.Y. Mar. 20, 2017) - 3 -, - 5 -

*United States v. Blackwood*, 366 F. App'x 207 (2d Cir. 2010) .................................................. - 6 -

*United States v. Cadet*, No. 08-CR-458 (NGG), 2009 WL 2959606 (E.D.N.Y. Sept. 11, 2009) .... - 2 -, - 3 -

*United States v. Charles*, 456 F.3d 249 (1st Cir. 2006) .............................................................. - 5 -

*United States v. Grinage*, 390 F.3d 746 (2d Cir. 2004) .............................................................. - 3 -

*United States v. Lee*, 834 F.3d 145 (2d Cir. 2016) ...................................................................... - 4 -

*United States v. Leonardi*, 623 F.2d 746 (2d Cir. 1980) ............................................................ - 8 -

*United States v. Miller*, 954 F.3d 551 (2d Cir. 2020) .................................................................. - 6 -

*United States v. Mohamed*, No. 18-CR-603 (ARR), 2022 WL 15493545 (E.D.N.Y. Oct. 26, 2022) ..... - 6 -

*United States v. Mohney*, 949 F.2d 1397 (6th Cir. 1991) ............................................................ - 5 -

*United States v. Monus*, 128 F.3d 376 (6th Cir. 1997) ................................................................ - 3 -

*United States v. Moore*, 997 F.2d 55 (5th Cir. 1993) .................................................................. - 2 -

*United States v. Pree*, 408 F.3d 855 (7th Cir. 2005) .................................................................. - 2 -

*United States v. Ray*, 589 F. Supp. 3d. 298 (S.D.N.Y. 2022) ...................................................... - 5 -

*United States v. Rivera*, 971 F.2d 876 (2d Cir. 1992) ................................................................ - 4 -

*United States v. Russo*, 302 F. 3d 37 (2d Cir. 2002) .................................................................. - 7 -

*United States v. Sabino*, 274 F.3d 1053 (6th Cir. 2001) ............................................................ - 3 -

*United States v. Stierhoff*, 549 F.3d 19 (1st Cir. 2008) ........................................................- 2 -, - 3 -

*United States v. Strauss*, 473 F.2d 1262 (3d Cir. 1973) ............................................................ - 5 -

## INTRODUCTION

Defendant Alice Bixuan Zhang was charged on June 4, 2021, with one count of conspiring to defraud the United States with respect to taxes, in violation of 18 U.S.C. § 371, and one count of aiding and assisting in the preparation of a false tax return, in violation of 26 U.S.C. § 7206(2).

As alleged in the indictment, defendant Zhang and a co-conspirator jointly operated two physical therapy/acupuncture businesses in New York City. (Doc. 1 ¶¶4-5.) Between approximately 2007 and 2013, defendant Zhang and her co-conspirator established and operated several additional entities, and then diverted money from their physical therapy/acupuncture businesses to those additional entities in order to avoid paying income taxes. (*Id*. ¶¶6, 8.) They allegedly transferred funds from their physical therapy/acupuncture businesses to the additional entities and thereafter among the additional entities. (*Id*. ¶8.) They reported these funds on tax returns as deductible business expenses, thereby reducing their taxable income, but did not report in full the funds received as a result by the additional entities as income on their tax returns. (*Id*.) Further, defendant Zhang and her co-conspirator concealed all of this by cashing checks written to the additional entities rather than depositing them into bank accounts, and by using multiple tax return preparers. (*Id*. ¶¶8, 11.) Finally, in addition to the conspiracy to defraud, defendant Zhang allegedly aided in the preparation of a false tax return filed on behalf of an additional entity that she operated as a part of the scheme to defraud. (*Id*. ¶¶7, 14)

Trial in this case, thus, concerns evidence of a complex scheme involving multiple entities, tax returns, tax preparers, and check-cashing activity. The government respectfully submits this memorandum of law to address certain evidence that it intends to offer at trial against the defendant.

## ARGUMENT

### I. An IRS Revenue Agent Should Be Permitted to Testify as a Summary Witness

Near the end of its case, the United States will call a summary witness, Internal Revenue Service ("IRS") Revenue Agent Linda Piatek, who is trained in accounting and the computation of tax liabilities. Revenue Agent Piatek will provide the jury with her computations of unreported income and the resulting tax due and owing from the defendant, her co-conspirator, and the entities involved in this case. The revenue agent will tally the unreported income based on the checks that the defendant and her co-conspirator cashed, and she will calculate the resulting tax due and owing. Because the revenue agent's summaries are dependent upon the testimony of the fact witnesses and documents admitted as evidence at trial the government moves that the revenue agent be permitted to testify as a summary witness and to be present during the testimony of other witnesses.

Use of a summary witness in a criminal tax case has been recognized by courts across several circuits. *See, e.g., United States v. Cadet*, No. 08-CR-458 (NGG), 2009 WL 2959606, at *4 (E.D.N.Y. Sept. 11, 2009) (unpublished); *see also United States v. Stierhoff*, 549 F.3d 19, 27-28 (1st Cir. 2008); *United States v. Moore*, 997 F.2d 55, 58 (5th Cir. 1993); *United States v. Pree*, 408 F.3d 855, 869 (7th Cir. 2005) ("It is well established that the nature of a summary witness' testimony requires that [s]he draw conclusions from the evidence presented at trial.") (internal quotation marks omitted). Further, a summary witness may be used to help the jury organize and evaluate evidence which is factually complex and revealed only in fragments through the testimony of a multitude of witnesses. *See United States v. Baker*, 10 F.3d 1374, 1411 (9th Cir. 1983).

It is well-established that, in a tax prosecution, an IRS summary witness may appropriately testify as to what the United States' evidence showed. *See*, *e.g.*, *United States v. Barnwell*, No. 15-CR-620 (NSR), 2017 WL 1063457 (S.D.N.Y. Mar. 20, 2017). A summary witness may "analyze facts already introduced into evidence and spell out the tax consequences that necessarily flow from those facts." *United States v. Stierhoff*, 549 F.3d at 27-28. Such testimony is appropriate and admissible so long as the summary witness "does no more than analyze facts already introduced into evidence and spell out the tax consequences that necessarily flow from those facts." *Barnwell*, 2017 WL 1063457, at *2 (internal quotation and citations omitted). Thus, an IRS agent, testifying as a summary witness, may testify regarding the tax consequences of transactions or events, so long as she does not "give a legal opinion that necessarily determines the guilt of a defendant or instructs the jury on controlling legal principles." *United States v. Sabino*, 274 F.3d 1053, 1067 (6th Cir. 2001), *amended on other grounds by* 307 F.3d 446 (6th Cir. 2002) (*citing United States v. Monus*, 128 F.3d 376, 386 (6th Cir. 1997)).

The government recognizes the limits of the proposed summary witness testimony, but maintains that such testimony is appropriate in a criminal tax case given the need to present voluminous records and calculate totals for unreported income and taxes due. *See United States v. Grinage*, 390 F.3d 746, 750 (2d Cir. 2004) ("a summary witness for the Government" cannot tell the jury "what [is] in the evidence" and "what inferences to draw from it" under Federal Rule of Evidence 701). Here, the revenue agent will not be offered for the impermissible testimony cited in *Grinage*; "[r]ather, based on the numerical facts provided by those witnesses, [s]he will merely perform tax calculations." *Cadet*, 2009 WL 2959606, at *4. And "[t]he numbers [s]he uses and assumptions [s]he makes will be subject to cross-examination, as will [her]

calculations." *Id*. The revenue agent's testimony will consist of straightforward tax calculations that stem from the testimony of other witnesses and admitted documentary evidence. She will not offer an opinion that determines the defendant's guilt; nor will she testify as to the law. As such, her testimony is admissible summary witness testimony.[1]

## II. The Government's Case Agent and Revenue Agent Summary Witness Should Be Permitted to Remain in the Courtroom During Trial

Either party or the Court may request that the witnesses be excluded from the courtroom during trial pursuant to Federal Rule of Evidence 615. Should the sequestration rule be invoked, well-settled law allows for the government's case agent to sit at counsel table with the government during a criminal trial, regardless of any sequestration order affecting other trial witnesses. *See United States v. Lee*, 834 F.3d 145, 162 (2d Cir. 2016) ("[T]he district court has 'discretion to exempt the government's chief investigative agent from sequestration, and it is well settled that such an exemption is proper under Rule 615(b)") (citing *United States v. Rivera*, 971 F.2d 876, 889 (2d Cir. 1992)). Accordingly, the government requests that the Court order witnesses excluded but also requests that its case agent be permitted to remain in the courtroom, at counsel's table.

The government also moves that that the IRS revenue agent summary witness be excused from sequestration under Rule 615(c) as a person whose presence is essential to the presentation of the government's case. As explained above, Revenue Agent Linda Piatek will testify concerning facts already introduced into evidence and make tax calculations that necessarily flow from those facts. Thus, her presence in the courtroom during trial is necessary to enable her

---

[1] Although the government regards the revenue agent's testimony as summary, rather than expert witness, testimony, out of an abundance of caution, the government complied with the expert disclosure requirements of Fed. R. Crim. P. 16(a)(1)(G).

to know the evidence admitted at trial and perform her calculations. In addition, the purpose for sequestering a witness is "to discourage and expose fabrication, inaccuracy, and collusion." *United States v. Charles*, 456 F.3d 249, 258 (1st Cir. 2006) (quotation omitted); *see also Barnwell*, 2017 WL 1063457, at *3; *United States v. Strauss*, 473 F.2d 1262, 1263 (3d Cir. 1973) (purpose of excluding witnesses is "to prevent the shaping of testimony by witnesses to match that given by other witnesses"). When the witness's testimony relates only to a summary of evidence, the rationale for the sequestration of the witness is absent. *See id*. Instead, Revenue Agent Piatek's testimony necessarily depends on what all of the other witnesses say during trial. Accordingly, she should not be included in any sequestration order and instead should be permitted to remain in the courtroom throughout the trial. *See United States v. Ray*, 589 F. Supp. 3d. 298, 301 (S.D.N.Y. 2022). Excepting the summary witness from the rule is also well-established trial practice. *See id. (citing Barnwell*, 2017 WL 1063457, at *3 (holding that IRS summary agent's presence was essential to the presentation of the Government's case and that it would be more efficient to allow the agent "to follow the evidence as it is presented to ensure she only comments on evidence properly admitted at trial, and to ensure the accuracy of her testimony should cross-examination 'bring out any facts not considered' by the Government's other witnesses") (*quoting United States v. Mohney*, 949 F.2d 1397, 1401 (6th Cir. 1991)).

### III.  Summaries of Voluminous Records Are Admissible as Substantive Evidence Pursuant to Rule 1006

During its case in chief, the United States will also seek to admit certain summaries of voluminous records, primarily bank, financial, and tax/accounting records, through Fed. R. Evid. 1006. Through that rule, such summaries are admissible as substantive evidence even where the underlying records are not admitted into evidence, if certain conditions are met.

Pursuant to Fed. R. Evid. 1006, a party "may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court" so long as the originals or duplicates are made available to the adverse party. Fed. R. Evid. 1006; *see also United States v. Blackwood*, 366 F. App'x 207, 212 (2d Cir. 2010). Charts admitted under Rule 1006 constitute substantive evidence. *See United States v. Mohamed*, No. 18-CR-603 (ARR), 2022 WL 15493545, at *9 (E.D.N.Y. Oct. 26, 2022) (*citing United States v. Miller*, 954 F.3d 551, 565 (2d Cir. 2020) (unpublished). Further, under the rule, the underlying records need not be introduced into evidence. *Id*. ("I reject the argument that Rule 1006 requires the government to introduce the underlying Facebook data into evidence. By its plain terms, Rule 1006 requires no such thing. Indeed, such a requirement would frustrate the purpose of the rule, which is to summarize voluminous contents that 'cannot be conveniently examined in court.'")

In this case, the summaries the government intends to introduce into evidence summarize and organize voluminous evidence contained in the financial and tax records. This information, which includes the financial, tax, accounting, and check cashing records between the co-conspirators, years, and entities cannot be conveniently examined in court, and summaries would assist the jury in understanding the evidence. Moreover, the records underlying those summaries have been provided to defense counsel in discovery. Accordingly, with these conditions met, the Court should admit the Rule 1006 summaries into evidence.

**IV.  Defendant Zhang's Statements Are Admissible as Statements Against Party Interest but Only When Offered *Against* Her**

The government will move to admit statements that defendant Zhang made to IRS special agents, through the testimony of one or more of those agents, in addition to the testimony of her

co-conspirator. These statements are admissible pursuant to Fed. R. Evid. 801(d)(2)(A).[2] Under that rule, an "Opposing Party's Statement" that "was made by the party" is not hearsay. Fed. R. Evid. 801(d)(2)(A); *see also United States v. Russo*, 302 F. 3d 37, 43 (2d Cir. 2002) ("Statements by the defendant may be introduced by the government in a criminal trial to prove the truth of the facts stated in them because they are admissions of an adverse party."). Because a statement by an opposing party is not hearsay under Rule 801, the government may offer a defendant's statements against her at trial. All of the defendant's statements that the government will seek to introduce against her are party admissions that are relevant and probative of the defendant's charged offenses.

However, the rules prevent the defendant from introducing her own self-serving hearsay at trial. Rule 801(d)(2)(A) makes clear that an admission by a party opponent must be offered *against* the opposing party. As such, the government moves that the Court exclude and prevent the defendant from eliciting her own self-serving hearsay statements (1) during cross-examination of the government's witnesses, (2) on direct examination through her own witnesses, or (3) making any statements in argument during opening statements or otherwise referencing said self-serving statements unless and until properly introduced through the trial testimony of the defendant.

V. **Defendant Zhang Should Be Precluded from Admitting Investigative Reports as Extrinsic Impeachment Evidence, when the Witnesses Have Not Signed or Otherwise Adopted Them**

The government has provided, and will continue to provide, the defendant with law

---

[2] Defendant Zhang's statements made in furtherance of the conspiracy would also be admissible against her under Federal Rule of Evidence 801(d)(2)(E). *See United States v. Gupta*, 747 F.3d 111, 123 (2d Cir. 2014); *United States v. Lita*, 800 Fed.App'x 8, 11 (2d Cir. 2020) (finding co-conspirator sisters' statements admissible under both Rules 801(d)(2)(A) and (E)) (summary order).

enforcement reports of witness statements. Under the Federal Rules of Evidence, a witness may be cross-examined and, where appropriate, impeached, only with his or her own prior statements. *See* Fed. R. Evid. 613. Extrinsic evidence of a witness's prior inconsistent statement is admissible when the witness is given an opportunity to explain the statement, and an adverse party is given an opportunity to examine the witness about it. *Id.* But the Second Circuit has long recognized that a third party's characterization of a witness's statement does not constitute a prior statement of that witness unless the witness has subscribed to that characterization. *See United States v. Leonardi*, 623 F.2d 746, 757 (2d Cir. 1980). Further, in the absence of endorsement by the witness, a third party's notes of a witness's statement may not be admitted as a prior inconsistent statement unless they are a verbatim transcript of the witness's own words. *See United States v. Almonte*, 956 F.2d 27, 29 (2d Cir. 1992).

In sum, while a witness may be asked about statements referenced in a law enforcement report, or shown the report to refresh their recollection, the reports are not admissible as prior inconsistent statements under Rule 613(b) unless they are verbatim transcripts or the witness has endorsed them. *See, e.g., United States v. Amato*, No. 03-CR-1382, 2006 WL 1891113 (E.D.N.Y. June 27, 2006). Accordingly, the government moves to preclude the defendant from (1) introducing law enforcement reports containing witness statements that are neither verbatim nor adopted by the witness under Rule 613(b); and (2) quoting, publishing, or suggesting to the jury that the contents of an investigative report were, in fact, statements of the witness.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this motion *in limine* addressing certain evidentiary issues that the United States expects may arise at trial be granted in its entirety. If any legal issues arise that this memorandum has not addressed, the

United States respectfully requests permission to file a supplemental memorandum of law.

                                                                                            Respectfully submitted,

                                                                                            DAVID A. HUBBERT
Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

/s Thomas F. Koelbl
THOMAS F. KOELBL
Assistant Chief
U.S. Department of Justice, Tax Division
(202) 514-5891
thomas.f.koelbl@usdoj.gov

/s Ezra Spiro
EZRA SPIRO
Trial Attorney
U.S. Department of Justice, Tax Division
(202) 718-7308
ezra.k.spiro@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on June 2, 2023, I caused a copy of the foregoing to be delivered via electronic filing to all parties registered with ECF in this matter.

                                    /s/ Thomas F. Koelbl
                                    Thomas F. Koelbl
                                    U.S. Department of Justice, Tax Division